UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WISCONSIN

DERRICK WATKINS,

    Petitioner,

v.        Case No. 23-CV-314

DEPUTY WARDEN MICHELLE HAESE,

    Respondent.

## RECOMMENDATION AND ORDER

Derrick Watkins, who is incarcerated at Green Bay Correctional Institution, filed a petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254. His petition relates to his extradition from Florida to Wisconsin. He argues that he was not given a full and fair hearing to challenge the legality of his arrest and detention (ECF No. 1 at 6-7); he was subject to an unlawful *Terry* stop (ECF No. 1 at 7); he was held past the time frame for extradition, in violation of state and federal law (ECF No. 1 at 8); and he was deprived of due process (ECF No. 1 at 9). This is the fourth habeas petition he filed in this court. *See Watkins v. State of Wisconsin*, 22-cv-00218-WCG, (Section 2241 petition, filed Feb. 22, 2022; dismissed May 17, 2022, for failure to exhaust); *Watkins v. State of Florida*, 22-cv-00659-WED, filed June 3, 2022; voluntarily dismissed Aug. 22, 2022; and

*Watkins v. Chase*, 22-cv-01497-BHL, (Section 2241 petition, filed Dec. 13, 2022; dismissed Feb. 8, 2023, for failure to exhaust).

Federal habeas relief is available to state prisoners only after they have exhausted their claims in state court. 28 U.S.C. § 2254(b)(1), (c). Exhaustion of state remedies is a prerequisite to consideration of each claim sought to be presented in a federal habeas petition. *Picard v. Connor*, 404 U.S. 270, 275-76 (1971). Exhaustion of state court remedies is a threshold issue, *Day v. McDonough*, 547 U.S. 198, 205 (2006), that a district court may raise *sua sponte*, *see U.S. ex rel. Lockett v. Illinois Parole & Pardon Bd.*, 600 F.2d 116, 117 (7th Cir. 1979); *Tate v. Borgen*, No. 04-C-1019, 2005 U.S. Dist. LEXIS 48282, at *25 (E.D. Wis. July 26, 2005). Before coming to federal court with a habeas claim, every level of state court must first be given a "full and fair opportunity" to adjudicate each of the prisoner's constitutional claims. *Moore v. Parke*, 148 F.3d 705, 708 (7th Cir. 1998) (citing *Picard*, 404 U.S. at 276). A full opportunity means the prisoner's claims were presented through "one complete round of the State's established appellate review process." *O'Sullivan v. Boerckel*, 526 U.S. 838, 845 (1999). To fairly present claims, "both the operative facts and controlling law must be put before the state courts." *Anderson v. Benik*, 471 F.3d 811, 814 (7th Cir. 2006) (citing *Ellsworth v. Levenhagen*, 248 F.3d 634, 639 (7th Cir. 2001)).

Ordinarily, before dismissing a petition for failure to exhaust at the Rule 4 stage, a court should afford the petitioner an opportunity to respond. *Hill v. Braxton*, 277 F.3d

701, 706 (4th Cir. 2002). There are exceptions, however—for example, when it is clear that the petitioner has made no effort to exhaust his state remedies. *See, e.g.*, *Belmares v. Schmidt*, 2016 U.S. Dist. LEXIS 114754 (E.D. Wis. Aug. 26, 2016).

Watkins acknowledges that he has not exhausted his remedies as to any of the claims presented in his petition. Although he refers to certain efforts that alert officials to his claims—*e.g.*, an intention to file a habeas petition in Florida state court and making "dozens of complaints" through a jail kiosk—no claim ever led to a decision by a court, much less a full round of appellate review. Therefore, the court will recommend that his petition be dismissed pursuant to 28 U.S.C. § 2254(b)(1) for failure to exhaust his state court remedies.

The court further cautions Watkins that ordinarily he is entitled to file only a single petition for a writ of habeas corpus under 28 U.S.C. § 2254. *See* 28 U.S.C. § 2244(b). Although dismissal for failure to exhaust usually will not bar a petitioner from later seeking habeas relief once he has exhausted his state court remedies, *see Slack v. McDaniel*, 529 U.S. 473, 489 (2000), a petitioner who chooses to present a § 2254 petition that contains less than every claim he may ever wish to make does so at his own peril. If the court concludes that the petition lacks merit, it may deny the petition notwithstanding the petitioner's failure to exhaust. *See* 28 U.S.C. § 2254(b)(2). The consequence may well be the petitioner being denied habeas relief for the claims

presented but also a bar from seeking habeas relief for *any* claim related to the same underlying conviction.

**IT IS THEREFORE RECOMMENDED** that Watkins's petition and this action be **dismissed without prejudice**.

**IT IS FURTHER ORDERED** that, in accordance with 28 U.S.C. § 636(b)(1)(B) and (C) and Fed. R. Civ. P. 72(b)(2), any written objections to any recommendation herein or part thereof shall be filed within fourteen days of service of this recommendation. Failure to timely object waives a party's right to review.

Dated at Milwaukee, Wisconsin this 12th day of April, 2023.

_____
WILLIAM E. DUFFIN
U.S. Magistrate Judge