UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WISCONSIN

DERRICK WATKINS,

    Petitioner,

v.

    Case No. 23-cv-314-pp

DEPUTY WARDEN MICHELLE HAESE,

    Respondent.

**ORDER OVERRULING PETITIONER'S OBJECTION (DKT. NO. 5), ADOPTING MAGISTRATE JUDGE'S RECOMMENDATION (DKT. NO. 4), DISMISSING CASE AND DECLINING TO ISSUE CERTIFICATE OF APPEALABILITY**

On March 9, 2023, the petitioner, who is incarcerated at the Green Bay Correctional Institution and is representing himself, filed a petition for writ of *habeas corpus* under 28 U.S.C. §2254. Dkt. No. 1. The case was assigned to Magistrate Judge William E. Duffin. On April 12, 2023, Judge Duffin screened the petition and issued a report recommending that this court dismiss the case. Dkt. No. 4. The petitioner filed an objection to the report and recommendation. Dkt. No. 5. The court will overrule that objection, adopt Judge Duffin's recommendation and dismiss the case.

**I.    Background**

    A.    <u>Petition</u> (Dkt. No. 1)

The petitioner challenges his allegedly unlawful detention, arrest and extradition from Florida to Wisconsin. Dkt. No. 1 at 2. He alleges that he was arrested on April 3, 2021 in Jacksonville, Florida; he asserts that he was

1

arrested without a warrant or probable cause, that he was not given his Miranda warnings, that he was not charged or convicted, that there is no judgment of conviction and that he was unlawfully extradited to Wisconsin. Id. The petitioner raises four grounds for relief. Ground One alleges that the Florida state court did not provide the petitioner a full and fair hearing to test the legality of his detention and arrest. Id. at 6. Ground Two alleges a violation of the petitioner's Fourth and Fourteenth Amendment rights arising from an allegedly illegal Terry stop.[1] Id. at 7. Ground Three alleges that the State of Florida held the petitioner past the timeframe authorized for extradition under state and federal law. Id. at 8. Ground Four asserts a due process claim based on an unreasonable search, seizure, arrest and extradition. Id. at 9. The petitioner requests that the court

> [R]estore the liberty that was unlawfully taken from him, and or order a hearing to test legality of detention, unreasonable search and seizure (Terry Stop), and to extend any further remedy court may deem appropriate.

Id. at 12.

With the petition, the petitioner filed a brief. Dkt. No. 1-2. In that brief, he argued that he is entitled to federal *habeas* relief due to the state court's denial of a full and fair hearing of his Fourth and Fourteenth Amendment claims. Id. at 1. He claimed that the "deputy" lacked a warrant and that there were no exigent circumstances or emergencies. Id. As to his extradition, the

---

[1] "[A] limited exception to the Fourth Amendment's probable-cause requirement for brief investigatory stops." United States v. Olson, 41 F.4th 792, 799 (7th Cir. 2022) (citing Terry v. Ohio, 392 U.S. 1, 88 (1968)).

petitioner argued that Uniform Extradition Act and Florida state law provide that a judge must inform a person of his rights to the issuance and service of a warrant of extradition and to obtain a writ of *habeas corpus*. Id. He contended that the Florida state court never informed him of his rights. Id. The petitioner contended that the State of Wisconsin failed to comply with the thirty-day requirement to extradite the petitioner. Id. at 2.

The petitioner attached to his petition a motion for release and recognizance he filed in Duval County (Florida) Circuit Court on June 2, 2021. Dkt. No. 1-2 at 9-13. In that motion, the petitioner alleged that his arresting officer had violated his Fourth and Fourteenth Amendment rights. Id. at 9. He also argued that the State of Wisconsin had not filed any request for an extension allowing Duval County to keep him detained pending extradition. Id. at 10. The petitioner says that the Duval County Circuit Court did not reply or acknowledge his motion. Dkt. No. 1 at 4. He also says that he attempted to file a *habeas corpus* petition in Florida but was extradited before he could do so. Id. at 5.

B.    Report and Recommendation (Dkt. No. 4)

Judge Duffin construed the petition as raising four claims: (1) the petitioner was not given a full and fair hearing to challenge the legality of his arrest and detention; (2) the petitioner was subjected to an unlawful Terry stop; (3) the petitioner was held past the time frame for extradition, in violation of state and federal law; and (4) a deprivation of due process. Dkt. No. 4 at 1. Judge Duffin observed that this was the fourth *habeas* petition the petitioner

3

had filed in this court. Id. at 1-2. Judge Duffin recommended that this court dismiss the petition because the petitioner failed to exhaust his state court remedies. Id. at 3. Recognizing that at the Rule 4 screening stage, a court generally should afford the petitioner an opportunity to respond before dismissing a petition for failure to exhaust, Judge Duffin concluded that a response was not necessary because it was clear from the face of the petition that the petitioner had made no effort to exhaust his state remedies; he observed that "no claim ever led to a decision by a court, much less a full round of appellate review." Id. Judge Duffin came to this conclusion based on the petitioner's acknowledgement in his petition that he had intended to file a *habeas* petition in Florida state court and made "dozens of complaints" through a jail kiosk, but never actually had gone through a full round of state appellate review. Id. Judge Duffin also warned the petitioner of the need to exhaust state remedies on all his claims before pursuing a §2254 petition. Id.

    C. Objection (Dkt. No. 5)

On April 19, 2023, the court received the petitioner's objection to the report and recommendation. Dkt. No. 5. The petitioner argues that he attempted to exhaust his remedies in Florida state courts but that those courts "ignored" his motions. Id. at 1. He speculates that there may be a "jurisdictional issue" in trying to exhaust his remedies in Wisconsin court because he is challenging conduct that occurred in Florida courts. Id. Finally, the petitioner asserts that if a Florida court *had* actually ruled on his claims, he would have had "something to bring to an appellate court," but that because

4

there was no hearing and his claims never were acknowledged, he is bringing his claims to this court. Id. at 2.

**II. Analysis**

    A.    <u>Legal Standard</u>

The Federal Rules of Civil Procedure apply in *habeas* cases. See Rule 12, Rules Governing Section 2254 Cases in the United States District Court. Rule 72(b)(1) allows a district court to refer a case to a magistrate judge, who then "conduct[s] the required proceedings," and "enter[s] a recommended disposition." Fed. R. Civ. P. 72(b)(1). A party who disagrees with the magistrate judge's recommendation has fourteen days from the date the magistrate judge issues the recommendation to file "specific written objections." Fed. R. Civ. P. 72(b)(2); see also 28 U.S.C. §636(b)(1) ("A judge of the court shall make a de novo determination of those portions of the report or specific proposed findings or recommendations to which an objection is made"). The petitioner must specify "each issue for which review is sought," but need not specify "the factual or legal basis of the objection." <u>Johnson v. Zema Sys. Corp.</u>, 170 F.3d 734, 741 (7th Cir. 1999). The district court is required to conduct a *de novo* review "only of those portions of the magistrate judge's disposition to which specific written objection is made." Id. at 739. "If no objection or only partial objection is made, the district court judge reviews those unobjected portions for clear error." Id. (citations omitted). "The clear error standard means that the district court can overturn the magistrate judge's ruling only if the district court is left with the definite and firm conviction that a mistake has been

5

made." Wees v. Samsung Heavy Indus. Co. Ltd., 126 F.3d 925, 943 (7th Cir. 1997).

B. Application

The petitioner's objection is timely filed—the court received it a week after Judge Duffin issued his report and recommendation. Because the petitioner has made a specific objection to Judge Duffin's finding that he failed to exhaust his state remedies, the court will analyze *de novo* the question of whether this court must dismiss the petition for failure to exhaust. Johnson, 170 F.3d at 741.

The petitioner alleged near-identical claims in a §2241 petition he filed in this district in December 2022. See Watkins v. Radtke, No. 22-cv-1497 (E.D. Wis.), Dkt. No. 1. In that case, the petitioner claimed that he had been subject to an unlawful arrest in Jacksonville, Florida, leading to an illegal detention, extradition and further detention. Id. at 3. District Judge Brett H. Ludwig screened and dismissed the §2241 petition. Watkins, No. 22-cv-1497, Dkt. No. 4. In his dismissal order, Judge Ludwig reviewed the petitioner's state criminal case and determined that after extradition, the Wisconsin state court had sentenced the petitioner on October 28, 2022 to life imprisonment after he was found guilty by a jury of first-degree intentional homicide and being a felon in possession of a firearm. Id. at 2 (citing State v. Watkins, Milwaukee County Case No. 2021CF002537). Observing that on January 10, 2023, the petitioner had filed a motion to reinstate time for post-conviction motions for direct appeal and appointment of appellate counsel, Judge Ludwig concluded that the

6

petitioner had a pending state-court postconviction motion, meaning that he had not presented his claims to the state courts and was not yet eligible for federal *habeas* relief. Id. Judge Ludwig dismissed the petition as premature, noting that the petitioner had not yet exhausted his state court remedies. Id. at 3.

The court has reviewed the publicly available docket in Milwaukee County Circuit Court Case No. 2021CF00253. See State v. Watkins, Milwaukee County Case No. 2021CF002537 (available at https://wcca.wicourts.gov). It indicates that on September 16, 2022, a jury found the defendant guilty of first-degree intentional homicide with dangerous use of a weapon and possession of a firearm by a prohibited person. Id. On October 28, 2022, the Wisconsin state court sentenced the petitioner to a term of life in prison with the possibility of extended supervision beginning on January 12, 2065. Id. The state court entered a judgment of conviction on October 31, 2022. Id. On February 27, 2023, the petitioner filed a writ of *habeas corpus* in state court. Id. On February 28, 2023, the petitioner filed in state court a notice of motion and motion for postconviction relief. Id. He appears to have filed another motion for post-conviction relief on March 9, 2023. Id. On March 10, 2023, there is a docket note indicating that no action was to be taken on the petitioner's *pro se* post-conviction motions because he's filed a notice of indigence and requested appointment of counsel. Id.

The petitioner says that he is challenging his pre-trial detention, not a judgment of conviction. Dkt. No. 1 at 2. If the petitioner had filed this petition

7

while he was in pre-trial detention, "[t]he appropriate vehicle for a state pretrial detainee to challenge his detention [would be] § 2241." Jackson v. Clements, 796 F.3d 841, 843 (7th Cir. 2015). Once a petitioner has been convicted, however, "the claims concerning his pre-trial confinement [become] moot." Id. (citing Yohey v. Collins, 985 F.2d 222, 228-29 (5th Cir. 1993)). Under Jackson, the petitioner's claims regarding his pre-trial confinement became moot when the state court entered the judgment of conviction on October 31, 2022. It was, therefore, appropriate for the petitioner to select 28 U.S.C. §2254 as the mechanism for challenging his current incarceration.

As Judge Duffin explained in his recommendation, however, the exhaustion requirement under 28 U.S.C. §2254(b)(1)(A) forbids a court from granting *habeas* relief unless the petitioner has "exhausted the remedies available in the courts of the State." The exhaustion doctrine "is designed to give the state courts a full and fair opportunity to resolve federal constitutional claims before those claims are presented to the federal courts," so a petitioner "must give the state courts one full opportunity to resolve any constitutional issues by invoking one complete round of the State's established appellate review process." O'Sullivan v. Boerckel, 526 U.S. 838, 845 (1999). This "full opportunity" "includes presenting the claims to the state's highest court in a petition for discretionary review." Hicks v. Hepp, 871 F.3d 513, 530 (7th Cir. 2017) (citing O'Sullivan, 526 U.S. at 845). A claim is not "exhausted" if the petitioner still "has the right under the law of the State to raise, by any available procedure, the question presented." 28 U.S.C. §2254(c). The only

8

exception to the exhaustion requirement is when "(i) there is an absence of available State corrective process; or (ii) circumstances exist that render such process ineffective to protect the rights of the applicant." 28 U.S.C. §§2254(b)(1)B)(i)-(ii).

The petitioner asserts that he didn't exhaust his state court remedies in Florida because the court did not rule on his initial motions, but as he seems to intuit, the question is not whether he exhausted his remedies in *Florida*. The question is whether he has exhausted his remedies in *Wisconsin*. The petitioner has not explained why he filed his federal *habeas* petition before he exhausted his remedies in the *Wisconsin* courts. Dkt. No. 5 at 1. The publicly available Wisconsin state court docket shows that the petitioner has filed two post-conviction motions in Wisconsin state court; the state court has deferred taking any actions on those motions until it assesses his notice of indigency and considers appointing him counsel. The petitioner has only just begun the exhaustion process in Wisconsin state court. He must litigate his post-conviction motions; if he loses those, he must appeal. If the Court of Appeals rules against him, he must seek review in the Wisconsin Supreme Court. Only after the petitioner has gone through that one, full round of state court review will he have arguably exhausted his claims in state court. Until he does so, this court cannot consider the petitioner's federal *habeas* claims. The court must dismiss the §2254 petition for a failure to exhaust.

9

Case 2:23-cv-00314-PP   Filed 05/17/23   Page 9 of 10   Document 6

### III. Certificate of Appealability

Under Rule 11(a) of the Rules Governing Section 2254 Cases, the court must consider whether to issue a certificate of appealability. A court may issue a certificate of appealability only if the applicant makes a substantial showing of the denial of a constitutional right. See 28 U.S.C. §2253(c)(2). The standard for making a "substantial showing" is whether "reasonable jurists could debate whether (or, for that matter, agree that) the petition should have been resolved in a different manner or that the issues presented were adequate to deserve encouragement to proceed further." Slack v. McDaniel, 529 U.S. 472, 484 (2000). No reasonable jurist could debate that the petitioner has failed to exhaust his remedies in state court, so the court will not issue a certificate of appealability.

### IV. Conclusion

The court **OVERRULES** the petitioner's objection. Dkt. No. 5.

The court **ADOPTS** Judge Duffin's report and recommendation. Dkt. No. 4.

The court **ORDERS** that this case is **DISMISSED**. The clerk will enter judgment accordingly.

The court **DECLINES TO ISSUE** a certificate of appealability.

Dated in Milwaukee, Wisconsin this 17th day of May, 2023.

BY THE COURT:

_____
**HON. PAMELA PEPPER**
**Chief United States District Judge**